F. KIESER & SON CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KASCO MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10990, 22355.   Promulgated February 15, 1928.

*John E. Hughes, Esq., William Cogger, Esq.,* and *Forest E. Ferguson, C. P. A.,* for the petitioners.
*Benton Baker, Esq.,* for the respondent.

MEMORANDUM AND ORDER.

LITTLETON: The petitioners on January 9, 1928, filed application for a *subpoena duces tecum* for the production by the Commissioner

of certain documents and information therein mentioned. This application for a subpoena is predicated upon the claim set forth in the petition that the profits tax for 1917 and 1920 in the case of Kasco Mills, Inc., should have been determined under the provisions of sections 210 of the Revenue Act of 1917 and 328 of the Revenue Act of 1918, and that the profits tax for the year 1920 in the case of F. Kieser & Son Co., Inc., should have been determined under the provisions of section 328 of the Revenue Act of 1918. The basis of the claim that the profits tax of Kasco Mills, Inc., for 1917 and 1920 should be determined under section 328 of the Revenue Act of 1918 is predicated upon the statement that this petitioner's transferors' invested capital cannot be satisfactorily determined and the claim advanced by F. Kieser & Son Co., Inc., that its profits tax for the calendar year 1920 should be computed under the provisions of section 328 of the Revenue Act of 1918 is predicated upon the following statement contained in the petition:

(f) Petitioner's correct invested capital cannot be accurately determined due to lack of adequate records. Furthermore, on the organization of the petitioner there was paid into it for its capital stock a mixed aggregate of tangible and intangible property, and the respective values of the several classes of property so paid in cannot be determined. Furthermore, abnormal conditions worked upon petitioner in 1920 an exceptional hardship evidenced by gross disproportion between petitioner's tax and the tax of representative corporations within the purview of Section 328 of the Revenue Act of 1918. Petitioner had no cost plus government contracts and its tax was not high merely because it earned a high rate of profit on a normal invested capital. For 1920 the ratio of the average profits tax of representative corporations to their average net income is much less than the ratio of petitioners profits tax to its net income.

The Commissioner in the case of F. Kieser & Son Co., Inc., held that the salaries paid to officers were not low; that the invested capital could be properly determined and that a high ratio of income to invested capital is not, in itself, a basis for assessment of the profits tax under the provisions of section 328 of the Revenue Act of 1918.

In the case of Kasco Mills, Inc., the Commissioner held the same.

Petitioners in their application for subpoena request first, that the subpoena require the Commissioner to produce copy of Bureau letter to F. Kieser & Son Co., Inc., dated January 2, 1923, indicating the tax liability for the year 1917, reports of the revenue agent dated October 21, 1922, and October 23, 1923, respectively, covering the years under review, copies of all Bureau letters to the petitioners covering the assessment of taxes for the years 1917 to 1920, inclusive; also, petitioners' return for 1917 upon which taxes and penalties have been stamped as assessed. Secondly, data cards and card records used by the Commissioner in arriving at the conclusion that petitioner was not entitled to assessment under section 210 for 1917 and under sections 327 and 328 for 1920; also, data cards and records used by the

Commissioner in arriving at the conclusion stated in a sixty-day letter that "officers' salaries were not low" and that petitioners' "net income was not disproportionate to invested capital," and that "it is possible to properly determine the invested capital." Thirdly, the comparative-data cards, so-called, which have been prepared and used in other applications of taxpayers for assessment under the relief sections in the case of taxpayers engaged in the business of jobbing and wholesale feed, grain and hay for the years 1917 and 1920. Fourthly, true copies of the data cards, card records, and/or returns, if any, showing the 1917 and 1920 relative facts and circumstances bearing upon special assessment of each of the following corporations:

| | |
|---|---|
| Tioga Mill & Elevator Co | Waverly, N. Y. |
| Elmore Milling Co | Oneonta, N. Y. |
| Empire Grain & Elevator Co | Binghamton, N. Y. |
| Syracuse Milling Co | Syracuse, N. Y. |

for the purpose of eliciting information covering the designated corporations as to gross income, net income, profits per unit of business transacted, capital employed, officers' salaries, interest deduction and depreciation allowed.

By amendment to the application filed January 9 petitioners later, on the same date, filed an amended application wherein it was stated with reference to the records desired relating to the matter of special assessment of the above-mentioned corporations—"which corporations are comparable as comparatives in fixing the tax liability of the petitioners under section 328. These corporations are engaged in the same business as that of the petitioners and are direct competitors."

Petitioners state that the data card record referred to above is meant the card records ordinarily used in the Special Assessment Section showing the items used on data sheets designated as "Income tax (Technical) Special Assessment Section Data Sheet, Special Cases," which cards are used in selecting comparatives for use on the above-described data sheet for the purpose of determining the excess-profits-tax liability in Special Assessment Section under the provisions of section 210 of the Revenue Act of 1917 and sections 327 and 328 of the Revenue Act of 1918.

The original of the letters requested should be in the possession of the petitioners and they are the best evidence of their contents and the application that the Commissioner be required to produce copies is denied, no showing having been made that the originals are not available.

The application for the production by the Commissioner of the original revenue agent's reports dated October 21, 1922, and October 23, 1923, is granted.

The application is denied insofar as it asks for the production of all Bureau letters to the petitioner proposing assessment of taxes for 1917 to 1920, no showing having been made that the originals of these letters can not be produced.

The application for the production by the Commissioner of the petitioners' return for 1917 is granted.

No showing has been made or claim advanced that the Commissioner used comparative data cards or records of other corporations in his determination that " officers' salaries were not low " and that petitioners' " net income was not disproportionate to their invested capital " and that " it is possible to properly determine petitioners' invested capital," nor has any showing been made in the application or in the petitions herein that any data cards or records in the possession of the Commissioner are relevant to the issue of special assessment or necessary to the determination of whether the officers' salaries were or were not low, or whether petitioners' net income was or was not disproportionate to their invested capital or that it is not possible to properly or correctly determine the invested capital. The application for the production of this information is therefore denied.

The application requesting the production by the Commissioner of comparative data cards which have been prepared and used by him in connection with the matter of special assessment of the four corporations mentioned is denied for the reason that there has been no showing made in the application or in the petitions in these proceedings that the corporations considered by the Commissioner in connection with the matter of special assessment have any relation under the statute to the determination of the profits tax of these petitioners for the years 1917 and 1920. The mere fact that other corporations may have been granted special assessment does not indicate that these petitioners are entitled to special assessment and the fact that the Commissioner may have compiled certain information obtained from returns of other corporations in his determination of the profits tax of the corporations, which petitioners state were their competitors, does not indicate, without more, that the same information is pertinent or reasonably necessary to the determination whether these petitioners are entitled to have the profits tax for the years involved computed under the provisions of section 328. These petitioners should be in a position to know and to state what corporations are engaged in a like or similar trade or business in the territory in which the petitioners carried on their business, and to set forth facts in the petition or in the application concerning such corporations as the petitioners believe are comparable so that the Board may determine whether the information in the possession of the Com-

806

missioner concerning such corporations is reasonably necessary to establish petitioners' claim. The Board will not issue subpoenaes for the production of information generally without more specific identification than has been made in this proceeding.

On the showing made the request of the petitioners for the production of documents requested in paragraph 4 of its original and amended applications is denied.

The premises considered, it is

ORDERED that subpoena issue for the production by the Commissioner of the reports of the revenue agent dated October 21, 1922, and October 23, 1923, covering the petitioners' tax liability for the years 1917 and 1920 and for the production of petitioners' tax return for 1917 upon which taxes and penalties have been stamped as assessed. It is, further

ORDERED that the application for the subpoena for the production by the Commissioner of other documents mentioned therein be and the same hereby is denied.